Johnson, J.
This is an appeal of a grant of summary judgment in favor of the defendant, A.L.Y.N. Associates, (A.L.Y.N.), based on a finding that the plaintiff’s cause of action was barred by the statute of limitations, Mass. G.L.c. 260, §2A. The plaintiff opposed the motion with affidavits stating that, as a result of his injuries, he was unable to handle his daily affairs due to the pain he was experiencing. The plaintiff argued that these injuries impaired his ability to understand the nature and effects of his legal rights pursuant to M.G.L.c. 260, §7, and that the statute of limitations should have been temporarily suspended as a result.
For reasons stated herein, the trial court’s finding of summary judgment in favor of the defendant is reversed. The facts contained in the Report are as follows:
The plaintiff, Harrie Baker, alleges he sustained personal injury when he tripped and fell over a hose and rock left on the floor of a bathroom owned and operated by the Massachusetts Bay Transportation Authority (MBTA), his employer. The plaintiff brought suit against the defendant, A.L.Y.N., who was under a contract to perform cleaning services for the MBTA The plaintiff’s cause of action sounded in negligence for AL.Y.N.’s failure to keep the premises free from debris and failure to provide adequate lighting.
The incident occurred on February 6,1988 and the plaintiff did not bring suit until April 22,1991. On or about June 4,1992, the defendant filed a motion for summary judgment, asserting that the plaintiff’s claim was barred by the statute of limitations, M.G.L.C. 260, §2A
*22 The plaintiff submitted two affidavits in support of his opposition to the defendant’s motion for summary judgment, asserting that as a result of the incident, he was unable to comprehend the nature of his injuries or his legal rights, so as to suspend the operation of the statute of limitations under M.G.L.c. 260, §7. The two affidavits included one from himself and one from his treating physician, John Adams, M.D. (Dr. Adams).
A hearing on the motion for summary judgment was held on August 6, 1992, and, after reservation, the motion was allowed on August 26,1992.
Under Massachusetts law, M.G.L.c. 260, §2A, the statute of limitations for actions of tort and actions of contract to recover for personal injuries is three years from the time of injury. In the present case, it is undisputed that the plaintiffs injury occurred on February 6,1988 and that he did not commence his suit until April 22,1991, a time beyond the statute of limitations.
The issue is whether the affidavit of Dr. Adams submitted by the plaintiff raises a genuine issue of fact requiring a denial of the defendant’s motion for summary judgment. We believe it does. A motion for summary judgment requires the judge to view the evidence most favorably to the party opposing the motion and to give him the benefit of all reasonable inferences. Hub Associates, Inc. v. Goode 357 Mass 449 (1970).
The affidavit of Dr. Adams states:
It is my professional opinion with reasonable medical certainty that for the period February 6,1988 to approximately May 1,1988 Mr. Baker was not possessed of emotional and/or mental faculties due to pain and depression that he was experiencing causally related to the February 6, 1988 injury. Therefore, during said period of time he was unable to understand totally the nature of his injury and/or to handle his daily affairs.
The fact that Dr. Adams is not identified as a psychiatrist is of no legal consequence.
The plaintiff was not required by statute to submit the affidavit of a psychiatrist in asserting that he was “incapacitated by reason of mental illness” under M.G.L.c. 260, §7. The fact that a physician is not a specialist in a field in which he is giving testimony goes to the weight to be given that testimony, not the admissibility. Paytow v. Abbott Labs, 780 F. 2d 147 (1985).
The plaintiff has alleged sufficient facts to require a denial of defendant’s motion for summary judgment. Accordingly, the matter is remanded to the trial court for trial.